CLYDE O. EASTUS v. M. GABERT.

No. 6623.   Decided April 29, 1936.
(93 S. W., 2d Series, 396.)

*Greines & Greines,* of Fort Worth, for plaintiff in error.

A statute regulatory as to sales of automobiles, from which the engine number has been removed or obliterated, and enacted to prevent the theft of motor vehicles, does not invalidate sales made not in compliance therewith, nor does it restrict the rights of parties to contract, and cannot be invoked to defeat a civil action asserted by a party not complying with its terms. Willys-Overland v. Holliday, 284 S. W., 973; Le Sage v. Arnett, 286 S. W., 668; Sabine v. English, 291 S. W., 1088; Latimer v. Hebert, 25 S. W. (2d) 929.

*Hampden & Spiller,* of Fort Worth, for defendant in error.

The testimony showed, and the court found, that at the time plaintiff acquired the automobile in question, the engine number had been obliterated or removed from the motor of the same, the plaintiff acquired no title because such acquisition was in violation of Article 1431 of the Penal Code, and since he had no title he could not recover for the conversion of same. 55 C. J., 200; Paragon Oil Syndicate v. Rhodes Drilling Co., 277 S. W., 1036; Norris v. Logan, 97 S. W., 820.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

■ Plaintiff in error Clyde O. Eastus sued defendant in error M. Gabert in the County Court at Law of Tarrant County for conversion of an automobile and recovered judgment for $400.00. The Court of Civil Appeals reversed and remanded the cause. 62 S. W. (2d) 618. The Supreme Court has jurisdiction because the construction of a statute is involved.

Briefly, the facts as found by the trial court are as follows: About September 1, 1931, members of the police department of the City of Ft. Worth took from the possession of one Burkhead a Ford automobile bearing license No. L8-0862. This automobile was turned over to defendant, who operated a storage business, to be kept pending investigation by the police to determine whether or not the car was a stolen one. After an investigation, the officers were unable to obtain proof that the car had been stolen, and they directed defendant to turn the same over to Burkhead or to anyone having an order from him. On September 3, 1931, plaintiff Eastus presented to defendant

a bill of sale by Burkhead to plaintiff covering the car and demanded possession of same. He was accompanied by Burkhead at the time of making this request. Defendant refused to deliver the car to plaintiff, and a few days later sold same. Thereafter, he refused to turn over to plaintiff the proceeds of the sale or in any manner to account for the value of the automobile.

The trial court made a finding that at the time the car was taken into possession by the officers, the original motor number on the engine had been obliterated or removed and a number had been stamped or dyed on the motor at the place where the original number had been removed. It was found that the number stamped on the engine was the number which had originally been upon a truck motor that had been purchased from one Cassteven, in 1931, by one T. J. Williamson. An automobile with truck motor number had been registered on July 27, 1931, by Williamson under the license No. L8-0862. Burkhead had a bill of sale from Williamson. The trial court made the specific finding that "the original motor number on the said car was obliterated and the number of said truck motor was substituted therefor and stamped on said motor of said car."

The trial court further found that plaintiff was the "true and lawful owner of said automobile on September 3, 1931;" he having acquired same from Burkhead for a valuable consideration and holding a valid bill of sale for same. The Court of Civil Appeals made the following statement: "We believe it probable that the car was a stolen one. At least, there is ample evidence to make a jury issue of that fact." The court overlooked the fact that a jury was waived and the case was tried before the court. The judgment and findings of the court necessarily imply a finding that the car was not a stolen one.

The Court of Civil Appeals held that plaintiff had no title to the car in question, because the sale by Burkhead to him was in violation of Article 1431 of the Penal Code of the State of Texas, and therefore no title passed to plaintiff by virtue of said sale. Said Article is as follows:

"No person in this State shall have or retain in his possession, or sell or offer to sell any motor vehicle from which the engine number has been removed or obliterated. Every such owner of a motor vehicle from which the engine number has been removed, erased, or destroyed in any manner before using the same upon the public highways of this State, or selling or offering for sale any such motor vehicle, shall make applica-

tion to the Highway Commission for an engine number, and the number assigned by the Highway Commission shall be stamped with a steel die on the engine of such motor vehicle. Anyone violating any provision of this article shall be fined not less than ten nor more than one hundred dollars."

■ This Article is a part of Chapter 138 of the General Laws of 1919, entitled "An Act to prevent theft of motor vehicles." Sections 3a, 3b, 3c and 4 of that Act, which are in substance what is now Article 1434 of the Penal Code, were construed in the case of Hennessy v. Automobile Owners Insurance Association, 282 S. W., 791, 46 A. L. R., 521, in an opinion adopted by the Supreme Court. There it was held that a sale of a second-hand motor vehicle without compliance with the terms of said sections mentioned did not invalidate the sale, although it might subject the vendor and purchaser to criminal prosecution. It was held that the offense declared by the statute did not consist in the mere act of making the sale, which was not an evil within itself, but in making the sale without complying with the regulatory provisions of the Act. This construction was prompted largely by reason of the fact that the declared purpose of the Act was to prevent the theft of motor vehicles. For the reasons stated in that opinion, we think that Article 1431 is to be given the same construction. This Article must, of course, be construed as a whole. It was clearly not intended to make the possession or sale of a motor vehicle, from which the engine number had been removed or obliterated, a criminal offense under any and all circumstances. This is apparent from the face of the statute which permits the use of such a motor vehicle upon the highway and permits a sale of same upon compliance with certain regulations. The reasoning in the Hennessy case we think necessarily leads to the conclusion that under this article the "gist of the offense denounced is not the contract of sale, but the failure to comply with the regulatory requirements prescribed;" and it was not intended to make void sales of motor vehicles when the acts required had not been performed. Defendant's whole case as presented in the Court of Civil Appeals rested upon the proposition that plaintiff had no title to the automobile. It follows, therefore, that the conclusions stated above dispose of the case.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court April 29, 1936.